vision, Second Department. November 27, 1908.) Action by Thomas Clark, an infant, by Annie Clark, his guardian ad litem, against Wells Fargo & Co. No opinion. Judgment and order of the Municipal Court unanimously affirmed, with costs.

CLARKE, Appellant, v. GAER, Respondent. (Supreme Court, Appellate Division, Second Department. November 20, 1908.) Action by Andrew J. Clarke, as executor. etc., of John Clarke, deceased, against Charles Gaer. No opinion. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the plaintiff's evidence was sufficient to enable the court to find a new lease from May 1, 1905, to May 1, 1906, and it was not in violation of the statute of frauds.

CLINTON, Respondent, v. MUNSON S. S. LINE, Appellant. (Supreme Court, Appellate Division, Second Department. November 27, 1908.) Action by John Clinton against the Munson Steamship Line.

PER CURIAM. Judgment and orders reversed, and new trial granted, costs to abide the event, for error of the court in refusing to charge the defendant's request that if defendant furnished a proper and sufficient cover for the hole, and it was taken and left off the hole by the neglect of the coemployés of the plaintiff, the defendant was entitled to a verdict.

CODY, Respondent. v. CODY, Appellant. (Supreme Court, Appellate Division, First Department. November 20, 1908.) Action by Rosa M. Cody against Joseph W. Cody. J. E. Smith, for appellant. W. Goldsticker, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

COHEN, Respondent. v. BROOKLYN, Q. C. & S. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 3, 1908.) Action by Louis Cohen against the Brooklyn, Queens County & Suburban Railroad Company.

PER CURIAM. We think that the verdict in this case was justified by the evidence; that, instead of being against the weight of evidence, it was supported by a preponderance of the evidence. Therefore the order appealed from is reversed, and the verdict of the jury is reinstated, with costs.

COHEN v. COMMERCIAL ADVERTISER ASS'N. (Supreme Court, Appellate Term. December 9, 1908.) Appeal from Municipal Court, Borough of Manhattan, Sixth District. Action by Harris Cohen against the Commercial Advertiser Association. From a judgment for plaintiff, defendant appeals. Affirmed. Frank V. Johnson, for appellant. Morrison & Schiff, for respondent.

PER CURIAM. Judgment affirmed, with costs.

MacLEAN, J. (dissenting). Nothing in the record evinces any care on the part of the plaintiff. The implied finding of the plaintiff's freedom from contributory negligence rests, so far as perceivable, upon nothing.

COLE, Respondent, v. FOSTER PUMP WORKS, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1908.) Action by George W. Cole against the Foster Pump Works. No opinion. Judgment of the Municipal Court affirmed, with costs.

COLEMAN, Appellant, v. J. L. MOTT IRON WORKS, Respondent. (Supreme Court, Appellate Division, First Department. December 11, 1908.) Action by Albert D. Coleman against the J. L. Mott Iron Works. M. L. Malevinsky, for appellant. F. V. Johnson, for respondent. No opinion. Order reversed, without costs, and verdict reinstated, on condition that plaintiff stipulates to reduce judgment to be entered thereon to $4,500, with costs. If such stipulation be not given, order affirmed, with costs. Settle order on notice.

COLLIER, Appellant, v. POSTUM CEREAL CO., Limited, Respondent. (Supreme Court, Appellate Division, First Department. November 20, 1908.) Action by Robert J. Collier against the Postum Cereal Company, Limited. C. E. Kelley, for appellant. E. A. Philbin, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

COMISKY v. FRANCIS BROS. (Supreme Court, Appellate Division, First Department. November 27, 1908.) Action by James Comisky against Francis Bros. No opinion. Motion denied. See memorandum. Settle order on notice.

COMPART v. DOMMASCH. (Supreme Court, Appellate Division, First Department. November 27, 1908.) Action by Percival F. Compart against Otto Dommasch. No opinion. Motion granted, with $10 costs. Order filed.

In re CONOVER ST. IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. November 20, 1908.) In the matter of acquiring title by the city of New York to certain lands and premises situated on the southerly side of Conover street, between Walcott and Sullivan streets, in the Borough of Brooklyn, duly selected as a site for school purposes according to law. No opinion. Motion granted, and order signed.

COUSE, Respondent, v. DELAWARE & H. CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 25, 1908.) Action by Mina L. Couse, administratrix, etc., of Scott P. Couse, deceased, against the Delaware & Hudson Company. No opinion. Motion denied.

COYE, Respondent, v. VILLAGE OF NORWICH, Appellant. (Supreme Court, Appellate Division, Third Department. November 11,

1908.) Action by Frances E. Coye against the village of Norwich.

PER CURIAM. Judgment and order affirmed, with costs.

KELLOGG, J., dissents.

---

C. S. GOSS & CO., Appellant, v. GOSS, Respondent. (Supreme Court, Appellate Division, First Department. December 11, 1908.) Action by C. S. Goss & Co. against Clayton S. Goss. H. Escher, for appellant. F. H. Platt, for respondent.

PER CURIAM. Judgment affirmed, with costs, with leave to plaintiff to amend on payment of costs. Order filed.

HOUGHTON, J., dissents.

---

CZARNIKOW, MacDOUGAL & CO., Appellant, v. BAXTER et al., Respondents. (Supreme Court, Appellate Division, First Department. December 11, 1908.) Action by Czarnikow, MacDougal & Co. against George S. Baxter and others. E. F. Harding, for appellant. G. V. Mullan, for respondents. No opinion. Judgment affirmed, with costs, with leave to plaintiff to reply on payment of costs. Order filed.

---

DEFRIN, Respondent, v. GOLDSTEIN, Appellant. (Supreme Court, Appellate Division, Second Department. November 27, 1908.) Action by Hayman Defrin, an infant, by Max Defrin, his guardian ad litem, against Joseph H. Goldstein.

PER CURIAM. Judgment and order affirmed, with costs.

WOODWARD and JENKS, JJ., dissent.

---

DE LAWRENCE v. BACIGALUPO. (Supreme Court, Appellate Term. November 24, 1908.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Joseph De Lawrence against Charles Bacigalupo. From a judgment for defendant, plaintiff appealed. Reversed, and new trial ordered. Claude W. Gibson, for appellant. Albert W. Duckworth, for respondent.

SEABURY, J. The plaintiff sued to recover $110 under a contract made November 1, 1907, of which the following is a copy: "Agreement, made this 1st day of November, 1907, between Joseph De Lawrence, horseshoer, of the city and county of New York, party of the first part, and Charles Bacigalupo, of Spring street, city of New York, party of the second part, as follows: The party of the first part hereby agrees to shoe all the horses owned at any time by the party of the second part for the sum of one hundred and ten dollars per month ($110), each horse to have rubber under the front feet during snow and ice time in winter months. In summer any horse having sore feet to be padded and made comfortable. The term of the agreement to be for one year, from November 1, 1907, to November 1. 1908. And the party of the second part agrees to pay to the party of the first part the sum of one hundred and ten dollars ($110), as per agreement heretofore stated, on the 1st day of each and every month during the term of this agreement. In witness whereof, we have set our hands and seals the day and year above mentioned. Charles Bacigalupo. Joseph De Lawrence." The plaintiff performed work under the contract and was paid as therein provided up to February 1, 1908. After that date the plaintiff shod one of the horses of the defendant, and the defendant refused to allow him to do any other work under the contract, upon the ground that the work which he had done had been so defectively performed that injury resulted to the defendant's horses. The defendant pleaded a counterclaim for the damage which he claimed he sustained by reason of the alleged defective manner in which the plaintiff had done the work. The making of the contract being admitted, the plaintiff proved the work which he had done under it and the refusal of the defendant to permit him to do other work. The evidence, which the defendant offered, to prove that his horses had been injured by reason of the negligent manner in which the plaintiff had shod them, was altogether insufficient to establish the contention made. The evidence, which the defendant offered on this subject, was general and unsatisfactory, and failed to show that the injuries from which he claimed his horses suffered were the result of the plaintiff's negligence. Upon the evidence presented, the plaintiff was entitled to recover judgment. The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

DEMUTH GLASS MFG. CO., Appellant, v. EARLY et al., Respondents. (Supreme Court, Appellate Division, Second Department. November 20, 1908.) Action by the Demuth Glass Manufacturing Company against Joseph N. Early and another. No opinion. Order resettled, so as to provide for a reversal of the judgment, as well as the order appealed from. Motion for reargument denied, without costs.

---

DENNIN, Appellant, v. MAY et al., Respondents. (Supreme Court, Appellate Division, Third Department. November 11, 1908.) Action by Hugh J. Dennin against Francis D. May, 2d, and others, administrators of Francis D. May, deceased. No opinion. Order affirmed, with $10 costs and disbursements.

---

DE RAISMES ENGINE CO., NO. 1, Appellant, v. CITY OF NEW YORK, Respondent (two cases). (Supreme Court, Appellate Division, Second Department. November 27, 1908.) Action by the DeRaismes Engine Company, No. 1, against the city of New York. No opinion. Order of the Municipal Court affirmed, with $10 costs and disbursements.

---

DIAMOND, Respondent, v. ABRAHAMS, Appellant. (Supreme Court, Appellate Division, First Department. December 11, 1908.) Action by Samuel Diamond against Joseph Abrahams. P. M. Abrahams, for appellant. J. Manheim, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.